COURT
OF MASS.

UNITED STATES DISTRICT COURT
FOR DISTRICT OF MASSCHUSETTS

2005 MAR -2 P 9: 44

| | | |
|---|---|---|
| ELAINE L. CHAO, Secretary of Labor,<br>United States Department of Labor, | ) | Civil Action |
| | ) | |
| Plaintiff, | ) | No. 04-12356-PBS  OFFICE |
| v. | ) | |
| | ) | |
| BRANCH NO. 34, NATIONAL ASSOCIATION<br>OF LETTER CARRIERS, AFL-CIO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S PROPOSED SCHEDULING ORDER

This is an action requesting that the Court issue an Order compelling the Defendant

labor union local to re-elect its officers under the supervision of the Department of Labor,

due to alleged violations of the fair elections statute, 29 U.S.C. §§ 481-484.  The

gravamen of the Complaint is that the Defendant used union funds to promote reelection

of the incumbents and that a number of local union members eligible to vote did not

receive election ballots and, accordingly, were unable to vote.  The government is not

required to prove that the violations were intentional.  Rather, the case seeks a

determination regarding whether the union's actions were violative, and, if so, an order of

remedial action.

The government intends to file a motion for summary judgment.  The government

suggests that the filing date for this motion be March 31, 2005.  The government suggests

that the union respond by April 18, 2005, and that the government's reply, if any, be filed

1

by April 29, 2005.

The government suggests that if, after receiving the government's motion for summary judgment, the union believes that discovery is necessary, that the union approach the Court with an explanation of what discovery it requires to be conducted and that at that time, the parties attempt to agree on an expedited discovery schedule, and, if the parties are unable to agree, the Court impose an expedited discovery schedule. The government suggests that it would be desirable if the case proceeded expeditiously in order to avoid prolonging the term of the officer holders who were chosen in the violative election and to mitigate the advantage of incumbency in the re-election.

The parties have conferred with a view to the costs of litigation and to settlement of the case. However, a settlement has not been achieved. This is a non-monetary law enforcement action, so that the government is not in a position to compromise either a settlement amount or the requirements of a fair election as the government understands them. The union indicated that it contests the government's view that law violations occurred in connection with the last officers election. Alternative dispute resolution would not be successful for the same reasons.

The government is amenable to trial before the Magistrate Judge. The government believes that this case will be resolved on motions and that a trial will not be required.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


*Anita Johnson*

ANITA JOHNSON
Assistant U.S. Attorney
Suite 9200, John Joseph Moakley
United States Courthouse
One Courthouse Way
Boston, Mass. 02210
(617) 748-3266


DATED: March 2, 2005

### Certificate of Service

I hereby certify that I have served the foregoing upon counsel for Defendant, Wendy M. Bittner, 15 Court Square, Suite 300, Boston, Mass. 02108, by first class mail, postage prepaid, and by facsimile transmission, on this second day of March 2005.


*Anita Johnson*