UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor,<br><br>　　　　　Plaintiff<br><br>v.<br><br>BRANCH NO. 34, NATIONAL ASSOCIATION OF LETTER CARRIERS, AFL-CIO,<br><br>　　　　　Defendant | Civil Action No. 04-CV-12356-PBS |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH
THERE DOES EXIST A GENUINE ISSUE FOR TRIAL**

Pursuant to Local Rule 56.1 of the United States District Court, District of Massachusetts, Defendant Branch No. 34, National Association of Letter Carriers, AFL-CIO, ("Union") submits the following statement of facts as to which there exists a genuine issue for trial.

As set forth below, the parties' differences concerning Plaintiff's Facts 73, 107, 108 and 110 involve the number of Union members who were left off a mailing list used by the Union to distribute ballots for its 2004 election of officers. The parties' differences concerning Plaintiff's Facts 74, 109 and 110 involve the number of those members left off the mailing list who subsequently requested and were mailed ballots. The Union's position is that at most 143 Union members were left off the mailing list, of whom 64 requested and were mailed ballots and 41

1

voted, leaving at most 79 who neither received a ballot nor voted.[1]  D.F. 66-70.  The Union's position is that at this time the Secretary of Labor ("Secretary") has introduced no evidence on these questions.  Specifically, the Secretary's only proposed evidence in support of her position – an affidavit by Office of Labor and Management Standards investigator Kerry McEntee – would be inadmissible at trial under Federal Rules of Evidence 1002 and 1004.[2]  Pl.F. 73-76, 101-12; D.F. 58-64.

Thus, the Union believes that the Court should rule in its favor on these questions unless the Secretary introduces additional evidence.  Should the Secretary introduce admissible evidence, there may be a genuine issue for trial.

References to "D.F." are to Defendant's Statement of Material Facts as to Which There Is No Material Issue, where the evidence supporting Defendant's position is set forth in full.  References to "Pl. Facts" are to the Plaintiffs Statement of Material Facts as to Which There Is No Material Issue.

---

[1] Some, but not all of the members who voted are recorded as requesting ballots.  Exhibit 14 to Defendant's Opposition to Plaintiff's Motion for Summary Judgment.  The Secretary's position is that 145 members were left off the mailing list, of whom 58 requested ballots and 41 voted.  Pl. F. 73-76, 107-10.  The difference is material because the margin of victory in the race for President was 84 votes, and according to the Secretary's figures, 87 members never received ballots, while the Union's position is that at most 79 members never received ballots.  Pl. F. 86, 110; Def. F. 70.

[2] McEntee's affidavit states that there were 145 Union members who were listed on the "NALC list" (a voter eligibility list generated for the election by the National Association of Letter Carriers) but who were not listed on the address list used by Murdock Mailing Co. to distribute ballots.  Pl. F. 73-76, 101-10; Exhibit 9 to Plaintiff's Motion for Summary Judgment, 13-19.  However, McEntee did not personally compare the entire 4,600-name Murdock Mailing list with the NALC list – this was a task performed by three members of his OLMS investigatory team over roughly two days.  *Id.*; Def. F. 58-64.  McEntee's knowledge of the number of missing names is based on his having seen and worked with the OLMS list.  *Id*.  Thus, McEntee's statement is being used to prove the contents of the OLMS list in lieu of the OLMS list itself.  Yet the OLMS list is readily available and has been submitted as Union Exhibit 14.  McEntee's statement is therefore inadmissible under Federal Rules of Evidence 1002, 1004.

2

**Disputed: Plaintiff Fact 65**

The Union's Administrative Assistant Judith Hall did not review the entire Murdock Mailing list prior to the mailing of the ballots for the Union's 2004 election, although she may have spot checked some names. D.F. 50-51. This is consistent with her practice of many years, as the list is 4,600 names long and would take her days to review. D.F. 46-47, 50. Murdock Mailing provided the Union with a copy of the list it used to mail the ballots at about the time that it mailed out the ballots. D.F. 51.

Hall did provide Murdock Mailing with all of the address updates she had in order that they be incorporated into the mailing list prior to the mailing of the ballots. Pl.F. 66; D.F. 51. She learns of out-of-date addresses through returned mailings and takes exhaustive measures to correct them. D.F. 47-49.

Hall may have spot checked some names on the new Murdock Mailing list to see that her recent updates had been incorporated. D.F. 51.

The affidavit from the president of Murdock Mailing which the Secretary cites in support of Plaintiff Fact 65 asserts neither that Hall reviewed the Murdock Mailing list nor that she was provided a current list in time to do so. Plaintiff Exhibit 8, 16-19.

**Disputed: Plaintiff Fact 73**

Of the 145 names which the Secretary states were on the NALC eligibility list but not the Murdock mailing list, at least two were not members of the Union at any time during the balloting process. They are Robert Mustone (#93 in Defendant Exibit 14) and Peter Demko (#33). D.F. 67-69.

3

**Disputed: Plaintiff Fact 74**

At least 64 members on the OLMS list of 145 names requested and were provided ballots, not 58 as stated by the Secretary. At least six of the individuals listed by the OLMS as not having requested ballots had, in fact requested and been mailed ballots. They are are Jonathan Fisher (#49), Lisa Huertas (#72), Dorothy Johnson (#75), Kim O'Keefe (#100), Stacey Oakes (#104), and Renee Stewart (#127). D.F. 55, 66-66.

**Disputed: Plaintiff Fact 107**

*See Plaintiff Fact 73.*

**Disputed: Plaintiff Fact 108**

*See Plaintiff Fact 73.*

**Disputed: Plaintiff Fact 109**

*See Plaintiff Fact 74.*

**Disputed: Plaintiff Fact 110**

For the reasons stated under Plaintiff Facts 73 and 74, the determination of the OLMS personnel was incorrect. At most 79 eligible Union members did not receive a ballot. D.F. 65-70. Moreover, of these 79 members, five still would not have received ballots even had the Union mailed ballots to their most recent addresses, because the Union had tried and failed to obtain valid addresses for them and because one of them was also incapacitated and another in jail. D.F. 71-77.

                                                Respectfully Submitted,

                                                BRANCH NO. 34, NATIONAL ASSOCIATION
                                                OF LETTER CARRIERS, AFL-CIO

                                                /s/ Wendy M. Bittner
                                                Catherine A. Highet, BBO #657407
                                                Wendy M. Bittner, BBO #044100
                                                Law Offices of Wendy M. Bittner
                                                15 Court Square, Suite 300
                                                Boston, MA 02108
Date: June 2, 2005                            (617) 624-0200

## Certificate of Service

     I hereby certify that I have served the foregoing upon counsel for Plaintiff, Assistant U.S. Attorney Anita Johnson, Moakley United States Courthouse, Ste. 9200, Office of the Regional Solicitor Boston, Mass. 02210, by first class mail, postage prepaid, on this day, June 2, 2005.

                                                /s/ Wendy M. Bittner
                                                WENDY M. BITTNER
                                                Law Offices of Wendy M. Bittner