UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ELAINE L. CHAO, Secretary of Labor, | * | |
| United States Department of Labor, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. 04-12356-PBS |
| v. | * | |
| | * | |
| BRANCH NO. 34, NATIONAL | * | |
| ASSOCIATION OF LETTER | * | |
| CARRIERS, AFL-CIO, | * | |
| | * | |
| Defendant. | * | |

**PLAINTIFF'S MEMORANDUM ON JURY TRIAL ISSUE**

Plaintiff brings this action for violations of election requirements imposed by the Labor-Management Reporting and Disclosure Act (hereafter, "LMRDA"), 29 U.S.C. § 481 (e) and (g). The statute provides that Plaintiff may "bring a civil action against the labor organization as an entity . . . to set aside the invalid election, if any, and to direct the conduct of an election . . . upon the removal of officers under the supervision of the Secretary . . . ." 29 U.S.C. § 482(b). See Harrington v. Chao, 372 F.3d 52, 55 (1st Cir. 2004). If Plaintiff establishes violations of the statute that "may have affected the outcome of an election," the statute provides that the Court is to declare the election "void and direct the conduct of a new election under the supervision of the Secretary. . . ." 29 U.S.C. § 482(c)  Reich v. Local 843, Bottle Beer Drivers, 869 F. Supp. 1142, 1151

(D.N.J. 1994).

Because of the nature of the remedy prescribed by the statute, it is clear that Defendant is not entitled to a jury trial and the action is to be tried before the Court.

The Seventh Amendment to the United States Constitution provides that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, . . . ." Under this Amendment, the availability of a jury trial essentially depends on whether the relief sought is legal or equitable. Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558 (1990); Tull v. United States, 481 U.S. 412, 417-18 (1987) ("Court has construed this language to require a jury trial on the merits in those actions that are analogous to 'Suits at common law.' . . . those actions that are analogous to 18th century cases tried in courts of equity or admiralty do not require a jury trial," and remedy sought is examined to determine whether the action is traditionally legal or equitable in nature.); Wooddell v. Int'l Bhd. of Elec. Workers, Local 71, 502 U.S. 93, 97 (1991) (nature of remedy sought was legal and therefore case required jury trial where union member sought money damages under the LMRDA); Ramos v. Roche Products, Inc., 936 F. 2d 43, 49 (1st Cir. 1991) ("While the seventh amendment grants a trial by jury to any party seeking to enforce 'common law' rights, . . . equitable rights . . . are generally not deemed to require trial by jury.").

An action by the Secretary of Labor to set aside a union election and for a supervised election is an equitable action. McLaughlin v. Lodge 647, Int'l Bhd. of Boilermakers, 876 F.2d 648, 652 (8th Cir.1989), Marshall v. Local 1010, United

Steelworkers, 664 F.2d 144, 149 (7th Cir. 1981); Wirtz v. Nat'l Mar. Union, 399 F.2d 544, 547-48 (2d Cir. 1968) (regarding action as "entirely equitable in nature"); Reich v. Local 843, Bottle Beer Drivers, 869 F.Supp. 1142, 1152 (D.N.J. 1994).  Cf. Brock v. Local 471, Hotel, Motel & Restaurant Employees & Bartenders Union, 706 F.Supp.175, 183 (N.D.N.Y.) (ordering supervision of next regularly scheduled election because of delay, intervening untainted election, and added expense of ordering new election), aff'd 888 F.2d 125 (2d Cir. 1989); Usery v. Int'l Org. of Masters, 538 F.2d 946 (2d Cir. 1976) (ordering supervision of next regularly scheduled election due to delay of appeal process). In Wirtz v. Nat'l Mar. Union, 272 F.Supp. 68, 69 (S.D.N.Y. 1967), aff'd 399 F.2d 544, 547 (2d Cir. 1968), the Court of Appeals for the Second Circuit upheld a district court determination that the defendant in an action by the U.S. Department of Labor to set aside a union election under the LMRDA was not entitled to trial by jury since it was "entirely equitable in nature." 399 F.2d at 547.   The Second Circuit also noted that the LMRDA provides that it is "the court" that must find that the statute has been violated and it is "the court" that must direct the conduct of a new election.   29 U.S.C. § 482.   Id.

    For the foregoing reasons, defendant is not entitled to a jury trial in this action, and the determination of the violations and the setting of the remedy are to be conducted by the Court.

                                                    Respectfully submitted,

                                           MICHAEL J. SULLIVAN
                                           United States Attorney

                                           /s/Anita Johnson
                                           ANITA JOHNSON

Of Counsel:                          Assistant U.S. Attorney
Maureen L. Canavan          Moakley United States Courthouse
Attorney                              One Courthouse Way - Suite 9200
Office of the Regional Solicitor     Boston, Mass. 02210
U.S. Department of Labor         (617)748-3266
JFK Federal Building, Room E-375
Boston, MA  02203

## Certificate of Service

     I hereby certify that I have served the foregoing upon counsel for Defendant, Wendy Bittner, 15 Court Square, Boston, Mass. 02109, by first class mail, postage prepaid, on this 7th day of July 2005.

                                           /s/Anita Johnson